## No. 3320.

### JACOB WHETSTONE, Administrator, v. S. W. RAWLINS.

It is idle for the defendant to set up that the title of the property claimed of him is in Jacob Whetstone individually, who brought this suit as administrator, and not in the successions whose representatives are before the court, and therefore that, if he pays over the money under the judgment appealed from, he may be held liable to Whetstone hereafter. Jacob Whetstone and the other parties acting jointly with him when they consigned to defendant the cotton whose proceeds are now claimed, are bound by their judicial admissions that the money belongs to said successions. The defendant, therefore, runs no such risk as he anticipates.

The plea of prescription of three and five years is not well founded. The action does not arise ex delicto, but from a quasi contract.

Under the settled jurisprudence of this court, no damages can be allowed where the appellee joins in the appeal, however frivolous it may be.

APPEAL from the Fourth District Court, parish of Orleans. *Théard, J. John M. Bonner*, for plaintiff and appellee. *E. T. Merrick, Race & Foster*, for defendant and appellant.

WYLY, J. This suit was brought by Jacob Whetstone, as administrator of the successions of John A. and Martha S. Whetstone, to recover from the defendant, S. W. Rawlins, the balance of the proceeds of thirty-three bales of cotton, sold by him as a commission merchant.

The heirs of John A. and Martha S. Whetstone undertook to settle these successions among themselves, and thus save the expense of having them administered. In pursuance of this purpose Jacob Whetstone, a son of the deceased, and his two brothers-in-law, Peyton S. Graves and Sylvester G. Parsons, shipped, in the beginning of the

year 1866, thirty-three bales of cotton, the property of said successions, to S. W. Rawlins, to be sold by him.

This cotton was sold on the 20th June, 1866, but before the proceeds were paid over, Whetstone, Graves and Parsons disagreed about the manner in which these successions should be settled. An administrator, therefore, became necessary, and Jacob Whetstone was appointed administrator on the 10th of July, 1866, by the Probate Court of the parish of Morehouse, where the successions of John A. and Martha S. Whetstone were opened.

In the inventory, which was filed on the same day that Jacob Whetstone was appointed administrator, the thirty-three bales of cotton which had been shipped to S. W. Rawlins are embraced as constituting a portion of the property of said successions.

On the fourth October, 1866, the plaintiff demanded of the defendant the proceeds of said cotton, $1626 29. This was refused on the ground stated in the letter of defendant of the same date, to wit:

"If the cotton shipped to me for account of Whetstone, Graves and Parsons was the property of the estate (of which I do not question), the parties to the account of Whetstone, Graves and Parsons should account to you, and you can easily control the amount in my hands by getting a draft on me for the amount due, signed by each of the parties, composing Messrs. Whetstone, Graves and Parsons, which I should be pleased that you would do, as I desire to pay over all balance as soon as possible.    *    *    *    *    *

" S. W. RAWLINS."

The administrator was not able to get the draft or order for the proceeds as requested, because Parsons would not sign it.

He was subsequently required to file an account, which he did. An opposition was made to it by Parsons on the ground, among others, that the funds in the hands of the defendant were not accounted for. The court maintained the opposition, holding that the administrator should be charged with the $1626 29, because he knew that said funds belonging to the successions represented by him were in the hands of the defendant for several years, and he had not made sufficient effort to collect them. Subsequently, to wit: On January 29, 1870, the plaintiff brought this suit for said funds against the defendant.

The defendant in his answer admits the possession of the $1626 29, and raises the same objection stated in his letter of October 4, 1866, that he is willing to pay over the money, but must have the consent of the consignors, Whetstone, Graves and Parsons, or some authorization from them to do so in order to protect himself. He also urges that, having held the funds in good faith and having been willing at all times to pay them over to the consignors, *" or any one entitled thereto,"*

he ought not to be compelled to pay interest thereon. The court gave judgment against the defendant for the sum claimed, with legal interest from judicial demand, and the defendant appeals. It seems to us the only interest the defendant can have, is to be protected in paying over the money from further responsibility on account thereof, as he professes in his answer to be anxious to pay over the money to Whetstone, Graves and Parsons, "or any one entitled thereto."

The successions to which the cotton belonged are certainly entitled to the proceeds, and the question is, can the defendant safely pay them over to the plaintiff or to his successors, S. A. V. Robinson and P. C. Robinson, who are now before the court as the legal representatives of John A. and Martha Whetstone.

We think he can safely do so. It is idle for the defendant to set up that the title of the property is in Jacob Whetstone, who brought this suit as administrator, and not in the successions; and therefore, if he pays over the money under the judgment appealed from, he may be held liable to Whetstone individually hereafter. Whetstone can never deny his judicial admissions in the petition that the money in controversy belong to the successions of John A. and Martha Whetstone. Nor can Parsons ever deny his judicial admissions in his petition of opposition to Whetstone's account in 1868, that the money in question belongs to said successions; nor can he dispute his testimony on the trial of this case to the effect that these funds belong to the successions of John A. and Martha Whetstone. The defendant, however, pleads in this court the prescription of three and five years in bar of this suit. In setting up this exception we can not regard him as serious in the profession contained in his answer, that he is anxious to pay over the money to the consignors, "or any one entitled thereto;" and therefore he should be excused from paying interest. The plea, however, is not well founded. The action does not arise *ex delicto*; it springs from *a quasi* contract, and is therefore not subject to the prescription pleaded.

We think the appeal was taken merely for delay, and that the appellees should have the damages claimed for frivolous appeal.

Judgment affirmed, with ten per cent. damages for frivolous appeal and all costs.

---

## ON APPLICATION FOR REHEARING.

WYLY, J. It escaped the attention of the court, that in the answer praying for damages for frivolous appeal, the appellee joined in the appeal and prayed for an amendment of the judgment. Under the settled jurisprudence of this court no damages can be allowed where the appellee joins in the appeal, however frivolous it may be.

It is unnecessary to grant a rehearing on the ground that damages should not have been allowed, because the appellee in answer to the application for rehearing waives all demand for damages, and consents that that part of our judgment may be stricken out.

It is therefore ordered that that part of the judgment of this court awarding damages for frivolous appeal, be stricken out, and it is further ordered that the application for rehearing be denied.

Rehearing refused.